# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC, : | Case No. 1:19-cv-850 |
| Plaintiff, : | Judge Timothy S. Black |
| vs. : | |
| JEREMIAH D. JOHNSON, *et al.*, : | |
| Defendants. : | |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO REMAND (Doc. 8)

This civil case is before the Court on Plaintiff's motion to remand (Doc. 8) and the Defendants' response in opposition (Doc. 10).

## I.  BACKGROUND

Plaintiff, Total Quality Logistics, LLC ("TQL"), filed a complaint in the Clermont County Court of Common Pleas against former employee, Jeremiah Johnson, and his new employer, Biewer Logistics, LLC alleging that Johnson breached his non-compete, confidentiality, and non-solicitation agreement with TQL. (Doc. 6 at ¶¶ 20-22, 31). The complaint specifically alleges that Johnson violated the agreement by leaving TQL to work as a broker for Biewer Logistics, a direct competitor, prior to the expiration of the one-year restrictive covenant and by misappropriating TQL's confidential information and trade secrets. (*Id.* at ¶¶ 31-34). Based on these facts, TQL asserts claims of breach of contract and breach of fiduciary duty against Johnson (*Id.* at ¶¶ 36-45) and a claim of misappropriation of trade secrets against both Johnson and Biewer (*Id.* at ¶¶ 46-59).

TQL also asserts a claim of intentional interference with a contract against Biewer for causing Johnson to share TQL's trade secrets in violation of his agreement. (*Id.* at ¶¶ 60-65). Plaintiff's complaint seeks "temporary, preliminary, and permanent injunctive relief," compensatory and punitive damages "in excess of $25,000.00," and attorney's fees. (*Id.* at ¶ 6).

Plaintiff filed a motion for temporary restraining order in state court, but before the court ruled on the motion, Defendants removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Docs. 1, 5). Plaintiff subsequently filed a motion to remand asserting that the amount in controversy requirement for federal diversity jurisdiction (greater than $75,000) is not met. (Doc. 8). Plaintiff submitted the following stipulation along with its motion to remand indicating that TQL is seeking less than $75,000:

> Plaintiff Total Quality Logistics, LLC, hereby stipulates that the relief it seeks is limited to judgment of the following:
>
> A. Issue immediate preliminary, preliminary, and permanent injunctive relief prohibiting Defendants from any further violation of the Agreement with TQL, plus attorney's fees as provided in the Agreement, from any further misappropriation of TQL's trade secret information, and from any further tortious interference with TQL's business relations;
>
> B. Award compensatory damages in favor of TQL in an amount to be determined at trial in excess of $25,000.00, but less than $75,000.00, inclusive of any award of punitive damages, attorney's fees, and injunctive relief;
>
> C. Award punitive damages in favor of TQL in an amount less than $75,000.00, inclusive of any award of compensatory damages, attorney's fees, and injunctive relief;

> D. Award attorney's fees as provided in the Agreement or as otherwise provided by law, in an amount less than $75,000, inclusive of any award of compensatory damages, punitive damages, and injunctive relief.
>
> E. Court costs, prejudgment interest, and post-judgment interest; and
>
> F. Any other relief that this Court deems just and proper. This stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to it.

(Doc. 9).

In response, Defendants concede that the parties are diverse for purposes of federal jurisdiction, but contest Plaintiff's argument that the amount in controversy requirement is not met. (Doc. 10). Plaintiff's motion to remand seeks an order remanding the case to Clermont County, and also requests costs and expenses, including attorney's fees incurred as a result of Defendants' removal. For the reasons stated below, the Court grants Plaintiff's motion to remand and denies Plaintiff's request for costs and fees.

## II. STANDARD OF REVIEW

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A party may remove an action from state court when the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). When a plaintiff's complaint seeks an unspecified amount of damages, the removing party has the burden of

3

establishing that the amount in controversy requirement is met by a preponderance of the evidence. *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526 (6th Cir. 2018). "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 550 (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3rd Cir. 1996)). In addition, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. ANALYSIS

TQL's post-removal stipulation limiting the total recovery sought to below the federal jurisdictional amount necessitates remanding this case back to state court.

A plaintiff is considered to be the "master of his complaint." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 2019 WL 3229347, at *3 (6th Cir. July 18, 2019) (citing *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 331 (6th Cir. 2018)). As such, "the general rule is that the amount claimed by a plaintiff in his complaint determines the amount of controversy." *Id.* (quoting *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000)). Because the question of whether a district court has jurisdiction over a removed case is determined at the time of removal, *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007), "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (emphasis added).

However, "[a] plaintiff may stipulate [post-removal] to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the

4

amount in controversy *for the first time*.'" *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). This is in recognition that certain states, including Ohio, do not permit plaintiffs to include a specific claim for damages in the complaint. *See* Ohio Civ. R. 8(A) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleadings but shall not specify in the demand for judgment the amount of recovery sought . . . ."). In such instances, courts consider a plaintiff's stipulation to be a *clarification* rather than a *reduction* of the amount of recovery sought. *Heyman*, 2019 WL 3229347, at *2 (citing *Shupe*, 566 F. App'x at 481). "[O]nly unequivocal statement[s] and stipulation[s] limiting damages will serve this purpose." *Shupe*, 566 F. App'x at 481. "An actual limitation on the amount of a potential judgment is essential to any such stipulation." *Id.*

Here, Plaintiff's complaint requests "temporary, preliminary, and permanent injunctive relief," "compensatory and punitive damages in excess of $25,000.00," and attorney's fees. In accordance with Ohio Civil Rule 8, Plaintiff's complaint specifies that TQL is seeking more than $25,0000 but does not state the specific amount of damages sought. Plaintiff's post-removal stipulation, submitted in conjunction with Plaintiff's motion to remand, states that the total damages Plaintiff seeks, including injunctive relief, compensatory and punitive damages, and attorney's fees is limited to less than $75,000. (Doc. 9). Thus, Plaintiff's stipulation—its first post-removal representation regarding damages—clarifies that it does not seek relief of more than $75,000 total. Plaintiff's stipulation is unequivocal; stating that it "is intended to be unequivocal *and binding* on

5

Plaintiff, and [that] it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to it." (*Id.*) (emphasis added); *see Gabriel Grigoryan*, No. 1:18-cv-363 (S.D. Ohio Mar. 22, 2019) (unpublished) (finding identical stipulation by TQL to be unequivocal).

Defendants assert that information contained in Plaintiff's complaint demonstrates by a preponderance of the evidence that TQL is seeking more than $75,000. (Doc. 4). Defendants specifically point to statements in the complaint regarding the "highly confidential" nature of TQL's trade secrets and the resources the company spends protecting them. (*Id.* at 2-3). Defendants also point to the value of the company, noting that TQL's annual revenue exceeded $3 billion in 2018. (*Id.* at 1, 3).

Even assuming Defendants properly removed the case based on the information they had at the time, that does not negate the fact that a plaintiff may stipulate to limited damages after removal when the stipulation provides specific information regarding the amount of damages sought for the first time. That is precisely what Plaintiff has done here. Because Plaintiff has stipulated to damages of less than $75,000, clarifying the specific amount of damages sought for the first time, this Court lacks subject matter jurisdiction and must remand the case back to state court. 28 U.S.C. § 1447(c); *See, e.g.*, *Total Quality Logistics v. Navajo Express, Inc.*, No. 1:18-cv-230, 2018 WL 2001434 (S.D. Ohio Apr. 30, 2018) (remanding case where plaintiff sought injunctive relief, compensatory and punitive damages, and attorney's fees and stipulated post-removal to seek damages not to exceed $75,000); *Total Quality Logistics, LLC v. Littrell*, No. 1:19-cv-42, 2019 WL 1033636 (S.D. Ohio Mar. 5, 2019).

However, the Court denies Plaintiff's request for costs and fees, as it was not "objectively unreasonable" for Defendants to remove the case based on the information they had at the time of removal. *See Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059-69 (6th Cir. 2008) (stating "[a]bsent unusual circumstances" a court should award costs or fees in the removal context "only where the removing party lacked an objectively reasonable basis for seeking removal") (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005)). Defendants' notice of removal correctly assessed that the parties are diverse and reasonably relied on information, including Johnson's salary and TQL's annual revenue, to assert that it was more likely than not that Plaintiff was seeking greater than $75,000, including injunctive relief for the alleged misappropriation of TQL's trade secrets. (Doc. 1 at 2). Accordingly, an award of costs or fees to Plaintiff is not warranted under 28 U.S.C. § 1447(c).

### IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** that:

1) Plaintiff's motion to remand (Doc. 8) is **GRANTED**;

2) This civil action is **REMANDED** to the state court from which it was removed;

3) Plaintiff's request for the imposition of reasonable costs and fees (Doc. 8) is **DENIED**; and

4) This case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 10/28/19

Timothy S. Black
United States District Judge